SPRAGUE (MATHEWSON v.). See Case No. 9,278.

## Case No. 13,253.

### SPRAGUE et al. v. ONE HUNDRED AND FORTY BARRELS OF FLOUR.

[2 Story, 195;[1] 6 Law Rep. 14.]

Circuit Court, D. Massachusetts. May Term, 1842.

SALVAGE—DERELICT—COMPENSATION—COSTS.

1. The general rule in the admiralty, in cases of derelict, is to allow one moiety of the property saved to the salvors; but this allowance may be enlarged by the circumstances of a particular case, where the services performed are of an extraordinary nature.

2. Under the circumstances of the present case, one moiety of the gross proceeds of the value of the property was decreed to the salvors, with full costs and expenses; the latter to be a charge exclusively upon the other moiety.

This was a libel for salvage of certain goods, and was certified to this court, from the district court, under the act of 3d of March, 1821 (chapter 189), on account of the district judge being related to the libellants. The libel set forth, in substance, that on the 9th of April, 1842, the master and crew of the brig Cambrian, of Boston, discovered a wreck, which they boarded, and discovered that it was the hull of the schooner Maria, of New York, and found, that the said hull, and the cargo on board thereof, were entirely derelict, and without any person on board, and nearly full of water. That the said master and crew attempted to take out the goods, wares, and merchandise, laden in the said schooner, and to convey them on board the said brig Cambrian, but the weather was so tempestuous, and the sea so rough, that they were not

---

[1] [Reported by William W. Story, Esq.]

able to take out more of the said goods, wares, and merchandise, than one hundred and forty barrels of flour, two chain cables, one small anchor, two stoves, and one hard wood table, all of which they brought to the port of Boston. That the said master and crew, and owners of the said brig Cambrian, by reason of the great risk and hazard they ran, and the service they performed in saving the said portion of the said cargo, deserve, and are justly entitled to receive meet and competent salvage for such service, together with all charges and expenses attending the same.

The Mutual Safety Insurance Company, of New York, intervening for their interest in the cargo of the Maria, appeared and claimed the goods, wares, and merchandise, above mentioned, as their property. They admitted the facts, as set forth in the libel, and prayed the court, after awarding to the libellants [Phineas Sprague and others] meet and competent salvage, to decree restitution of the said property to the claimants.

The cause came on for argument upon the libel and answer, no evidence having been taken by either party, and no matter of fact being in controversy.

Wm. Gray, for libellants.

The following cases were cited for the libellants. Rowe v. The Brig [Case No. 12,-093]; Cross v. The Bellona [Id. 3,428]; Hindry v. The Priscilla [Id. 6,515]; Taylor v. Twenty-Five Thousand Dollars [Id. 13,807]; Bass v. Five Negroes [Id. 1,093]; Jerby v. One Hundred and Ninety-Four Slaves [Id. 7,288]; The Fortuna, 4 C. Rob. Adm. 193; The Frances Mary, 2 Hagg. Adm. 89; The L'Esperance, 1 Dod. 46; The Blenden Hall, 1 Dod. 414; Hand v. The Elvira [Case No. 6,-015]; The Elizabeth & Jane [Id. 4,356]; The Rising Sun [Id. 11,858]; The Henry Ewbank [Id. 6,376]; The Britannia, 3 Hagg. Adm. 153; The Aquila, 1 C. Rob. Adm. 42; The Jonge Bastiaan, 5 C. Rob. Adm. 322.

F. C. Loring, for claimants.

STORY, Circuit Justice. This is a clear case of derelict, and is admitted on all sides to be so. The general rule in the admiralty, under such circumstances, is to allow a moiety of the property saved to the salvors. It is not, however, an inflexible rule, but it will yield to circumstances; as, for example, where the property is very large, and no extraordinary perils or labors have been encountered, the allowance has sometimes been less. On the other hand, where the property has been small, the salvors numerous, and the perils imminent, or the services laborious and exhausting, a larger allowance has been thought justifiable. But unless under some peculiar circumstances of this sort, the general rule is silently permitted to have its sway. The case of The Blenden Hall, 1 Dod. 414, illustrates the former position; although it strikes me, that the salvage award-

ed was there too low, under all the circumstances. The case of The Fortuna, 4 C. Rob. Adm. 193, The Marquis of Huntly, 3 Hagg. Adm. 248, 249, and The Charlotta, 2 Hagg. Adm. 361, are to the same effect. On the other hand, there are cases, in which more than a moiety has been decreed to the salvors, under circumstances such as have been already alluded to. See The William Hamilton, 3 Hagg. Adm. 168, and note 1; The Reliance, 2 Hagg. Adm. 90, note; The Jonge Bastiaan, 5 C. Rob. Adm. 322. But the decisions all show, that it is with great reluctance, that courts of admiralty award more than a moiety. The Frances Mary, 2 Hagg. Adm 89; The Britannia, 3 Hagg. Adm. 153, 154; The Effort, 3 Hagg. Adm. 165, 167; The Ewell Grove, 3 Hagg. Adm. 209, 221; The Queen Mab, 3 Hagg. Adm. 242. As long ago as in the case of Rowe v. The Brig [Case No. 12,-093], I had occasion to express my own opinions upon the subject; and I can perceive no reasons now to recede from what was then said. The gross amount of all the property, saved in the present case, is about six hundred and ninety-six dollars. Of this, articles to the value of one hundred and nineteen dollars are unclaimed; the residue, the flour now claimed, sold for the gross amount of five hundred and seventy-seven dollars; the number of the salvors is twenty-two. The service was plainly a meritorious one; but not under circumstances of extraordinary peril or difficulty. No objection is made, nor, indeed, in my judgment, could reasonably be made, against the allowance of the moiety of the proceeds. The libellants, however, insist, that they are entitled to a higher remuneration, and ask three fifths.

In the present case, I cannot say, that I see sufficient grounds to deviate from the general rule of a moiety; and I should be loth to do so, unless under pressing circumstances, since it might otherwise produce litigation in every case of derelict. I shall, therefore, decree one moiety of the gross proceeds of the value of the property to the libellants, with their full costs and expenses; the costs and expenses to be a charge exclusively upon the other moiety. This is not an unusual course in cases of this sort; and it will in effect not essentially vary from a decree for three fifths of the net proceeds.

---

## Case No. 13,254.

